UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHANA SMALLWOOD,

    Plaintiff,                                              Civil Action No. 19-CV-11292

vs.                                                       HON. BERNARD A. FRIEDMAN

STATE OF KANSAS and
JUDGE KATHLEEN K. SLOAN,

    Defendants.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT

This matter is presently before the Court on plaintiff's application to proceed in forma pauperis. For the following reasons, the Court shall (1) grant the application and therefore allow the complaint to be filed without prepayment of the filing fee, and (2) dismiss the complaint because it is frivolous and fails to state a claim upon which relief may be granted.

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may permit a person to commence a lawsuit without prepaying the filing fee, provided the person submits an affidavit demonstrating that he/she "is unable to pay such fees or give security therefor." In the present case, plaintiff's application to proceed in forma pauperis makes the required showing of indigence. The Court shall therefore grant the application and permit the complaint to be filed without requiring plaintiff to prepay the filing fee.

Pro se complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court is required by statute to dismiss an in forma pauperis complaint if it

    (i) is frivolous or malicious;

>(ii) fails to state a claim on which relief may be granted; or
>(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it is "based on an indisputably meritless legal theory" or "clearly baseless" facts or "a legal interest which clearly does not exist" or "fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). To state a claim on which relief may be granted, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (citations and internal quotations omitted). Further, the Court is required to dismiss the complaint, whether or not plaintiff is proceeding in forma pauperis, if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

In the present case, plaintiff is suing the State of Kansas and a sitting judge of that state on the grounds that these defendants violated plaintiff's constitutional rights in connection with court proceedings that resulted in the termination of plaintiff's parental rights over two of her children. Plaintiff alleges that on January 31, 2019, in Johnson County, Kansas, "[t]here was a 4th trial to terminate my Parental Rights" (apparently over which defendant Judge Kathleen Sloan presided) of which plaintiff received no notice. Plaintiff also alleges that it has "been almost 10 years and my family have suffered in this process." Plaintiff does not indicate the relief she seeks.

While the termination of parental rights is always a serious matter, the instant lawsuit is frivolous in the legal sense, and fails to state a claim on which relief may be granted, because both of the defendants are immune from suit. The State of Kansas has immunity under the Eleventh Amendment, which generally bars suits by an individual against a state. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Harrison v. State of Mich.*, 722 F.3d 768, 771 (6th Cir. 2013). Defendant

Sloan, as a sitting judge, has absolute judicial immunity for all acts she takes in the performance of her judicial functions. *See Stump v. Sparkman*, 435 U.S. 349, 362-63 (1978); *Pierson v. Ray*, 386 U.S. 547, 554-55 (1967); *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004). In short, plaintiff may not sue the State of Kansas or Judge Sloan based on her dissatisfaction with the proceedings in Johnson County, Kansas, to terminate her parental rights. Rather, plaintiff's remedy is to pursue her rights, through appeal or otherwise, within the Kansas legal system. Accordingly,

IT IS ORDERED that plaintiff's application for leave to proceed in forma pauperis is granted. The complaint is filed and the filing fee need not be prepaid.

IT IS FURTHER ORDERED that the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Dated: May 8, 2019  
       Detroit, Michigan

s/Bernard A. Friedman  
BERNARD A. FRIEDMAN  
SENIOR UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 8, 2019.

Shana Smallwood  
801 Van Guard Rd  
Pontiac, MI 48341-1110

s/Johnetta M. Curry-Williams  
Case Manager